oyer demanded, if there be a sufficient affidavit of debt.

2. The court will not decide upon the merits, on a motion to appear without bail.

Debt on a bond. The plaintiff made affidavit that the defendant is justly indebted to him in the sum of $2,000, and upwards, on his bond. The declaration and a copy of the bond were filed.

Mr. Lear, moved for leave to appear for defendant without special bail; and contended that the original bond ought to be produced; and that, if produced, it would appear that it was of more than twelve years' standing, and therefore, according to the Maryland statute, could not support an action.

Mr. Caldwell, for plaintiff, opposed the motion.

THE COURT (nem. con.) said that the affidavit is sufficient. The plaintiff is not bound to produce the bond until oyer is demanded, and THE COURT will not now go into the merits of the case as to the validity of the bond.

---

## Case No. 3,680.

### DAY v. HARTSHORN.

[See Case No. 3,683.]

---

## Case No. 3,681.

### DAY v. HARTSHORN.

[The case digested under above title in Law, Pat. Dig. 332. 393, 468, is evidently the same as Case No. 3,683.]

---

## Case No. 3,682.

### DAY v. HARTSHORN.

[The case digested under above title in Law, Pat. Dig. 397, is evidently the same as Case No. 3,683.]

---

## Case No. 3,683.

### DAY v. HARTSHORN.

[3 Fish. Pat. Cas. 32.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1855.

INFRINGEMENT OF PATENT—VERDICT AS FOUNDATION FOR INJUNCTION—LICENSEES.

1. Where a case has been tried at law, with a verdict for the plaintiff, and a motion for a new trial is made, it is the practice to refuse an injunction until after the determination of the motion.

2. A bill of exceptions and a writ of error sued out, should have the same effect as a motion for a new trial, upon an application for an injunction, though either may be disregarded by the judge if his conscience is satisfied.

3. Neither the verdict at law nor finding of the jury, in a feigned issue, are ever conclusive

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

upon the judge sitting in equity, upon a motion for an injunction.

4. It would not follow that a judge ought to grant an injunction, although he might not set aside the verdict of the jury. In the one case the jury are the judges of the facts, in the other the chancellor must judge for himself.

5. Where a licensee undertakes to use a patent without paying the license fee, whether the license thereby becomes voidable at law or not, equity will so far enjoin him, that unless he will pay he shall not be allowed to use.

[Bill by Horace H. Day against Isaac Hartshorn for infringement of letters patent No. 16, granted to E. M. Chaffee, August 31, 1836.]

This was a motion for an injunction founded upon the verdict of the jury in a suit at law, between the same parties, which resulted in a verdict for the plaintiff. The case presented a state of facts essentially the same as that in Day v. Candee [Case No. 3676].

T. A. Jenckes and N. Richardson, for complainant.

J. S. Pitman, S. Ames, C. S. Bradley, and J. T. Brady, for defendant.

PITMAN, District Judge. Since the verdict, in this court, for the plaintiff, in the suit at law between these parties, a motion for an injunction has been again made by the plaintiff, and it has been urged upon the court that, after a verdict at law for the plaintiff in a patent cause, it was the imperative duty of a court of equity to grant an injunction, notwithstanding the pendency of a writ of error; and that such has been the invariable practice of the courts of the United States. On the other hand, it was contended that the legal rights of the parties had not been determined by the verdict, that grave questions of law were raised by the bill of exceptions, and that the court had a right to refuse the injunction, and ought to do so, until the determination of these questions by the supreme court of the United States, unless the court was satisfied that these questions were so clearly in favor of the plaintiff that the injunction should be granted, notwithstanding the writ of error.

It was admitted by the plaintiff's counsel, that where there was a motion for a new trial, the practice was not to grant an injunction until the determination of this motion, but contended that the pendency of a writ of error furnished no ground for a refusal to grant the injunction.

After the first hearing of this motion, to satisfy myself what was, or what should be, the practice in such a case, and it having been suggested by the counsel for the plaintiff that notwithstanding Judge Curtis declined to sit in this cause, there was no impropriety in my consulting him on the general question of practice, if I was so disposed, I did consult him, and also the presiding judge of the second circuit.

Judge Curtis referred me to the case of Many v. Sizer [Case No. 9,056], tried in the